STATE OF NEBRASKA, APPELLEE, V. LEONARD ECKERT, APPELLANT.

181 N. W. 2d 264

Filed November 20, 1970.   No. 37584.

Frederick E. Wanek, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

On June 12, 1969, the defendant was charged with a violation of the liquor laws in two counts, first, with intoxication and, second, with unlawfully operating a motor vehicle upon a public highway while under the influence of intoxicating liquor. Defendant was found guilty in county court on both counts. He was assessed a fine of $10 and costs on the charge of intoxication which he paid. On the charge of operating a motor vehicle while under the influence of intoxicating liquor,

he was fined $100 and costs and his operator's license suspended for 6 months. From the latter sentence, defendant appealed to the district court and was again found guilty in that court. The identical sentence was imposed as in the county court. From this judgment and sentence, the defendant has appealed to this court.

The primary issue on appeal is the correctness of the trial court's ruling on a plea in bar filed by the defendant in the district court. The plea in bar alleged that defendant had previously been convicted of intoxication and that such charge and conviction thereof is a bar to a further charge of intoxication or of a charge for drunk driving. It is shown that both charges grew out of the same incident. The question is one of law that does not appear to have been previously decided by this court.

It is fundamental under our Constitution that no person shall be compelled in any criminal case to be twice put in jeopardy for the same offense. Art. I, § 12, Constitution of Nebraska. Cases decided by this court have held that a defendant who has been found not guilty of a higher crime may not be again prosecuted for a lesser offense included within the former. The question here, however, is whether or not the offense of intoxication is a lesser offense than operating a motor vehicle on a public highway while under the influence of intoxicating liquor within the meaning of the double jeopardy rule.

In Warren v. State, 79 Neb. 526, 113 N. W. 143, the defendant was first tried and acquitted of murder during an attempt to perpetrate a robbery. Defendant was subsequently charged with robbery of the person formerly alleged to have been murdered growing out of the same incident. A demurrer to the plea in bar was sustained. This court affirmed, holding that double jeopardy was not involved. In the case of In re Resler, 115 Neb. 335, 212 N. W. 765, defendant was acquitted of murder by poisoning. Defendant was subsequently charged under a different statute with poisoning with in-

tent to take life. This court held that the second charge was included in the first and that the acquittal on the first charge was a bar to the prosecution of the second. These two cases appear to point up the differences as to when former jeopardy does or does not apply.

In Stevison v. State (Okla. Cr. App.), 449 P. 2d 916, the same situation arose as we have here. In holding public drunkenness and operating a motor vehicle while under the influence of intoxicating liquor to be separate and distinct offenses and that the conviction for one is no bar to a conviction for the other, the court said: "This logically leads us to the consideration of whether Public Drunkenness is a necessary included offense of the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, or whether it constitutes an attempt to commit the same. We believe the answer to this proposition can only be in the negative, for the elements necessary to prove the offense of Public Drunkenness are not elements necessary to be proven for the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, * * *."

In Reese v. State, 89 Ind. App. 378, 165 N. E. 780, the court said: "We cannot concur in appellant's contention. The offense for which he paid his fine was complete when he appeared in a public place in a state of intoxication; the other offense was not complete until, being in such condition, he drove his automobile on the public highway, an act which from its very nature could but endanger the lives of others traveling upon such highway. These offenses, under our statute, are separate and distinct, and a conviction of one is no bar to a conviction for the other." See, also, Tibbs v. State, 89 Ga. App. 716, 80 S. E. 2d 834.

The instant case appears to fall under the rule announced in Warren v. State, *supra,* and not under the rule applied in the case of In re Resler, *supra.* The applicable rule appears more similar to a case where a defendant was first charged and acquitted of murder

and subsequently charged with a robbery growing out of the same incident than with a case of an acquittal of murder by poisoning and a subsequent charge of poisoning with intent to take the life of another. In Warren v. State, *supra,* we said: "The essential elements necessary to constitute the crime of murder and those necessary to the crime of robbery are entirely different. In proving the commission of murder, under some circumstances it may be necessary to show an attempt to rob or an actual robbery, but, in proving a robbery, it can never be important or necessary to show the murder of the person assaulted. The same proof is not required in both cases, and the crimes are dissimilar, except that in both an assault is an essential element. Tested by every accepted rule, there is no identity between the former charge upon which the defendant was tried and the charge upon which he was convicted. The evidence is clear that he was a participant in the design to rob, even though he was not present in the saloon at the time the money was taken."

It is true, of course, that the intoxication of the defendant is a common element of the two offenses. But otherwise they are entirely different as are the purposes of the legislation. The primary purpose of section 53-196, R. R. S. 1943, is to prohibit intoxication and the evils that such a condition imposes on the public. On the other hand, the primary purpose of section 39-727, R. R. S. 1943, is to protect the users of public highways from the dangers of motor vehicles operated by drivers under the influence of intoxicating liquors. "It seems to be settled by the weight of authority, however, that where the second transaction is for a crime which is but another degree of the crime for which the first prosecution was had, the previous jeopardy will constitute a bar. A man cannot be tried for manslaughter when he has previously been tried for murder of the same person, nor vice versa, for the gist of the charge is the same in both cases, namely, the unlawful killing.

The degree of the crime, or, in other words, the gravity of the punishment which may be inflicted, depends upon the circumstances surrounding the transaction, which may aggravate or mitigate the punishment according to its heinousness or the degree of moral turpitude of the guilty party in its commission. Since in such a case the defendant might have been convicted of manslaughter under the charge of murder in the first degree, the identity of the crime is clear, and as to such a state of facts there is no conflict in the authorities. Where, however, the same transaction or criminal acts may constitute more than one crime, the question becomes more difficult. If a man breaks into a building and steals from the person of an inmate by force and violence or by putting him in fear, he is guilty of burglary on account of the breaking, of robbery because of the larceny perpetrated by the assault and putting in fear, and of simple larceny on account of the taking and asportation of the goods or money. In such a case a man may be indicted for the burglary, for breaking and entering with intent to steal, or he may be indicted for the robbery, or for the simple larceny. Since these are crimes which differ in their essential elements, the authorities are almost uniform that the former jeopardy of one is no bar to a prosecution for the other (1 Bishop, New Criminal Law, sec. 1062), although a few courts, notably North Carolina and Georgia, hold to the contrary." Warren v. State, *supra*.

Under the authorities cited, we hold that a conviction for intoxication is not a bar to a subsequent prosecution for operating a motor vehicle while under the influence of intoxicating liquor. Admittedly, the question presented is not entirely free from doubt, there being a few cases holding to the contrary. See, State v. Brennan, 13 Utah 2d 195, 371 P. 2d 27; State v. McLaughlin, 121 Kan. 693, 249 P. 612.

We think the better reasoning is contained in Warren v. State, *supra,* and the authorities cited to the same

effect. The gist of the two offenses is not the same and the purposes of the two statutes are entirely different. The identity of the crimes as separate offenses is clear. Defendant was undoubtedly guilty of intoxication before he entered his car, but he was not guilty of operating a motor vehicle while under the influence of intoxicating liquor until he thereafter entered and operated the motor vehicle. In the one, the purpose is to prohibit the excessive use of alcoholic liquors to the extent of intoxication. In the other, the purpose is to prohibit the driving of motor vehicles on the public highways in a manner dangerous to the public, a danger resulting from the notorious driving conduct of intoxicated operators.

The defendant further contends that the evidence will not sustain a finding that he was operating a motor vehicle on a public highway at the time charged. In this respect the evidence shows that defendant's motor vehicle was found parked in the right-hand lane of a public highway approximately 8 miles north of Grant, Nebraska. Defendant was slumped over the steering wheel in a drunken stupor. He was alone in the motor vehicle and no other person was in proximity to the motor vehicle. No liquor, nor liquor containers, were found in or about the motor vehicle. The motor vehicle was not moving and the engine was not running. Defendant stated that he had no recollection of what happened from the time he left Madrid until he was aroused by law enforcment officers at the time of his arrest. These facts are not disputed. The evidence is sufficient, although circumstantial, to sustain the finding that defendant operated his motor vehicle on a public highway while under the influence of intoxicating liquor. A person charged with crime may be convicted on circumstantial evidence. State v. Ohler, 178 Neb. 596, 134 N. W. 2d 265.

We find the record to be free from prejudicial error and the judgment of the district court is affirmed.

AFFIRMED.