STATE OF NEBRASKA, APPELLEE, V. STANLEY J. BAKER, APPELLANT.

395 N.W.2d 766

Filed November 7, 1986.   No. 86-435.

Wilbur C. Smith and Eileen A. Hansen, for appellant.

Robert M. Spire, Attorney General, and Lynne R. Fritz, for appellee.

Krivosha, C.J., Boslaugh, White, Hastings, Caporale, Shanahan, and Grant, JJ.

Boslaugh, J.

After a bench trial the defendant, Stanley J. Baker, was found guilty of (1) operating or being in actual physical control of a motor vehicle while under the influence of alcoholic liquor, in violation of Neb. Rev. Stat. § 39-669.07 (Reissue 1984), and (2) refusing to take a breath test for alcoholic content when requested to do so by a law enforcement officer, in violation of Neb. Rev. Stat. § 39-669.08 (Reissue 1984). He was fined $200 and sentenced to 7 days in jail on each count, the sentences to run concurrently, and his operator's license was suspended for 180 days. Upon appeal to the district court the judgments were affirmed.

The defendant has assigned four errors on this appeal: (1) The court erred in overruling his plea in abatement; (2) The court erred in finding that Deputy Landrie observed the defendant operating or in actual physical control of a motor vehicle when she approached him; (3) The court erred in finding beyond a reasonable doubt, from circumstantial evidence, that the defendant had been operating a motor vehicle while under the influence of alcohol; and (4) The court erred in finding that the defendant refused to take the breath test when it found he had been operating or in actual physical control of a motor vehicle when apprehended.

The record shows that at 1:48 a.m. on September 20, 1985, Deputy Sheriff Kathleen Landrie observed a car parked in the turning lane on 144th Street at California Street in Douglas County, Nebraska. When the deputy approached the vehicle, she saw that the defendant was asleep on the driver's side, behind the steering wheel. The defendant, who was alone in the car, was leaning against the open car window. The deputy

detected a strong odor of alcoholic beverage in the vehicle.

After the deputy awakened the defendant, he stated, "Look, babe, I don't want any trouble." When asked for his registration and license, the defendant rummaged through his pockets and, at one point, withdrew his car keys and placed them in the car's ignition. The defendant was eventually able to produce his registration and license, but with great difficulty.

The defendant was then asked to get out of the car and perform field sobriety tests. He had to hang on to the door to exit his car, and performed the tests unsatisfactorily. He was subsequently arrested for driving while under the influence. After being transported to a road patrol office, the defendant was read an implied consent advisement. He then refused to take any further tests or to supply any type of body fluid sample.

The defendant testified at trial that he is an over-the-road truckdriver who has a habit of pulling his truck off the road and sleeping whenever he gets drowsy while driving. On the evening in question the defendant had driven from Fremont, Nebraska, to an Omaha, Nebraska, bowling alley, after returning from a $10^1/_2$-hour trip from Chicago, Illinois. Between 11:30 p.m. or midnight and 1 a.m., the defendant consumed four or five alcoholic drinks. He left the bowling alley sometime before 1 a.m. and began driving home to Fremont. At about 144th and California Streets, the defendant pulled over onto what he thought was a median, off the road. He testified that his reason for doing this was to sleep, because he was tired from all the driving he had done that day. After pulling over, the defendant turned off the ignition and put the keys in his pocket. He testified that he was dazed and confused, when first approached by Deputy Landrie, because he had been asleep.

The defendant's plea in abatement alleged in substance that he was not operating or in actual physical control of the motor vehicle, when he was apprehended by the deputy sheriff, because the vehicle was parked, the defendant was asleep, the motor was not running, and the keys were in his pocket.

The general rule is that any error in ruling on a plea in abatement is cured by a subsequent finding at trial of guilt beyond a reasonable doubt which is supported by sufficient

evidence. *State v. Lehman,* 203 Neb. 341, 278 N.W.2d 610 (1979). Thus, the issue is whether the evidence was sufficient to support the conviction.

In his next two assignments of error, the defendant complains that the trial court erred in finding he was operating or in actual physical control of a motor vehicle when observed by Deputy Landrie and in finding there was sufficient circumstantial evidence to prove beyond a reasonable doubt that he had been operating a motor vehicle while under the influence of alcohol. All three assignments are without merit, since there was sufficient circumstantial evidence from which the trier of fact could find beyond a reasonable doubt that the defendant had been driving while under the influence of alcoholic liquor.

It is clear that a person charged with a crime may be convicted solely upon the basis of circumstantial evidence. *State v. Ellis,* 223 Neb. 779, 393 N.W.2d 719 (1986). Circumstantial evidence may also serve to establish the operation or actual physical control of a motor vehicle, under the provisions of § 39-669.07. *State v. Orosco,* 199 Neb. 532, 260 N.W.2d 303 (1977), *overruled on other grounds, State v. Smith,* 213 Neb. 446, 329 N.W.2d 564 (1983).

A conviction may be based on circumstantial evidence where the evidence, taken as a whole, establishes guilt beyond a reasonable doubt. *State v. Wilkening,* 222 Neb. 107, 382 N.W.2d 340 (1986); *State v. Buchanan,* 210 Neb. 20, 312 N.W.2d 684 (1981).

In reviewing the sufficiency of the evidence, it is not within this court's province to resolve conflicts in the evidence, pass on the credibility of the witnesses, determine the plausibility of explanations, or weigh the evidence. The verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. Ellis, supra.*

In *State v. Eckert,* 186 Neb. 134, 181 N.W.2d 264 (1970), this court, in response to a similar contention, held there was sufficient circumstantial evidence to show the defendant was operating his motor vehicle on a public highway while under the influence of intoxicating liquor. The facts in *Eckert* are very similar to those in the present case. In *Eckert* the defendant was

found parked in the right-hand lane of a public highway, slumped over the steering wheel of his car, in a drunken stupor. The defendant was the sole occupant, with no other person in proximity to the vehicle. No liquor or liquor containers were found in or near the car. The vehicle was not moving, and the engine was not running. The defendant stated he had no recollection of events from the time he left his point of departure until he was aroused by law enforcement officials at the time of his arrest.

In the instant case the defendant attempts to distinguish *Eckert* on grounds that the evidence was insufficient to show he was under the influence of intoxicating liquor when he drove to the 144th and California Streets location. Instead, he maintains he parked in the turn lane not because he was under the influence like the defendant in *Eckert* but because as a truckdriver he had a habit of pulling over to sleep when drowsy.

Taking the view most favorable to the State, we must reject the defendant's argument. There was evidence, including the defendant's testimony, from which the trier of fact could find that the defendant had driven to the 144th and California Streets location. He was the sole occupant of the vehicle parked in the turn lane at 1:48 in the morning, and the keys to the car were in his pocket. Further, there was evidence from which the court could conclude the defendant was under the influence of alcoholic liquor when he drove to that location. The defendant parked his car in a turn lane and fell asleep. When he was awakened by the deputy, the defendant's breath smelled of alcohol, his speech was slurred, his eyes were bloodshot, and he performed poorly on field sobriety tests. There is no evidence in the record of any liquor or liquor containers in or near the defendant's vehicle at the time of his arrest.

Additionally, the defendant's testimony was that he drank four or five drinks in the 60 to 90 minutes preceding his 1 a.m. drive to the point of the arrest. From all of this evidence the trial court could find beyond a reasonable doubt that the defendant was guilty of driving while under the influence, in violation of § 39-669.07.

In his final assignment of error, the defendant contends the trial court erred in finding he refused to take a breath test as

required by § 39-669.08(2). That section provides:

> Any law enforcement officer who has been duly authorized to make arrests for violations of traffic laws of this state or of ordinances of any city or village may require any person arrested for any offense arising out of acts alleged to have been committed while the person was driving or was in actual physical control of a motor vehicle while under the influence of alcoholic liquor to submit to a chemical test of his or her blood, breath, or urine for the purpose of determining the alcoholic content of his or her body fluid, when the officer has reasonable grounds to believe that such person was driving or was in the actual physical control of a motor vehicle upon a public highway in this state while under the influence of alcoholic liquor.

In essence, the defendant argues he should not have been required to submit to a chemical test because the deputy had no reasonable grounds to believe the defendant was driving or in actual physical control of a motor vehicle while under the influence.

While the deputy did not observe the defendant driving, we have concluded that she observed the defendant under circumstances from which the trier of fact could find beyond a reasonable doubt that the defendant had driven while under the influence of alcoholic liquor, in violation of § 39-669.07. Since the circumstances she observed were sufficient to convict the defendant, the deputy clearly had reasonable grounds to believe that he had committed the offense, as required in § 39-669.08(2). Thus, there is no merit to this final assignment of error. See, also, *Porter v. Jensen*, 223 Neb. 438, 390 N.W.2d 511 (1986).

The judgment is affirmed.

AFFIRMED.