STATE OF NEBRASKA, APPELLEE, V.
RANDY C. PORTSCHE, APPELLANT.
622 N.W. 2d 582

Filed February 2, 2001. Nos. S-99-793, S-99-1044.

Dennis R. Keefe, Lancaster County Public Defender, and Timothy M. Eppler for appellant.

Don Stenberg, Attorney General, and J. Kirk Brown for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Randy C. Portsche appeals two separate convictions for driving during a 15-year suspension in violation of Neb. Rev. Stat. § 60-6,196(6) (Reissues 1993 & 1998). Case No. S-99-793 involves an incident which occurred on January 3, 1998, and case No. S-99-1044 involves an incident which occurred on November 14, 1998. Portsche's two cases involve common issues of law and were consolidated on appeal.

Portsche asserts that notwithstanding his court-ordered 15-year driving suspension, both convictions should be reversed because at the time of each arrest he was eligible to have his license reinstated pursuant to Neb. Rev. Stat. § 60-524(3) (Reissue 1998), which statute was in effect on the dates of the incidents at issue but which was subsequently revised effective May 6, 1999, when subsection (3) was eliminated and subsection (4) became the current subsection (3). Portsche further asserts that the conviction in S-99-793 should be reversed on the additional ground that on January 3, 1998, he was not "operating a motor vehicle" as required by the driving under suspension provision found in § 60-6,196(6). We affirm both convictions.

## STATEMENT OF FACTS

To put these consolidated cases in context, we recite the facts relevant to Portsche's prior driving under the influence and driving under suspension history. On February 26, 1987, Portsche pled guilty to a charge of driving under the influence, third offense, in violation of Neb. Rev. Stat. § 39-669.07 (Cum. Supp. 1986). On July 24, 1987, Portsche was sentenced to 90 days in jail and fined $500. The court also ordered Portsche not to drive any motor vehicle in Nebraska for any purpose for 15 years and ordered his operator's license revoked and suspended for a like period.

Portsche was arrested on April 12, 1988, and charged with driving during a 15-year suspension. Portsche was convicted and was sentenced on August 22 to a term of 18 months' imprisonment. Portsche was discharged on November 12, 1989.

Portsche was again arrested on April 25, 1991, and charged with driving during a 15-year suspension. Portsche was convicted and was sentenced on February 13, 1992, to a term of 20 months' to 5 years' imprisonment. He was paroled and subsequently discharged on December 5, 1994.

Portsche's convictions in the two current cases arose from incidents which occurred on January 3 and November 14, 1998. With respect to case No. S-99-793, on January 3, Lincoln police were dispatched to the area of Seventh and Sumner Streets in response to complaints that a vehicle had been revving its engine for approximately an hour. Police found a vehicle parked on Seventh Street with its engine running and its left turn signal blinking. Portsche was seated slumped over in the driver's seat and appeared to the police to be intoxicated. After some difficulty, the police roused Portsche and asked him what he was doing. Portsche responded that he was on his way home, and when the police asked him whether he intended to drive home, he said yes. The police ran a check which revealed that Portsche's license was under a 15-year suspension. They then arrested Portsche for driving under suspension and "suspicion" of driving under the influence. Portsche was convicted by the district court for Lancaster County of driving under suspension and was sentenced on May 25, 1999, to a term of 20 months' to 5 years' imprisonment.

With respect to case No. S-99-1044, on November 14, 1998, police stopped Portsche on 28th Street for a traffic infraction. When stopped by police and asked for his license, Portsche admitted to the officer that he did not have a valid license. Portsche was again arrested for driving under a 15-year suspension. He was convicted and sentenced on July 29, 1999, to a term of 20 months' to 5 years' imprisonment. Portsche appeals both convictions.

## ASSIGNMENTS OF ERROR

In connection with each of the convictions in cases Nos. S-99-793 and S-99-1044, Portsche asserts that the district court

"erred by ruling that [he] was driving under a 15 year suspended license and not a generic suspension." In connection with case No. S-99-793, Portsche further asserts that he was not guilty of driving under a 15-year suspension because the district court erred in finding that he was "operating" a motor vehicle on January 3, 1998.

## STANDARD OF REVIEW

Interpretation of a statute presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *State v. Neiss*, 260 Neb. 691, 619 N.W.2d 222 (2000).

## ANALYSIS

*Suspension.*

In 1987, Portsche was convicted of driving under the influence, third offense, in violation of § 39-669.07, which statute was subsequently transferred to § 60-6,196. Pursuant to the language in § 39-669.07, which is now contained in subsections (2)(c) and (d) of § 60-6,196, the county court, on July 24, 1987, as part of Portsche's criminal sentence, ordered Portsche not to drive any motor vehicle in Nebraska for any purpose for 15 years and ordered his operator's license revoked and suspended for a like period. Section 60-6,196(2)(c) and (d) provides that as to a person convicted of a third or subsequent offense of driving under the influence,

> the court shall, as part of the judgment of conviction, order such person not to drive any motor vehicle in the State of Nebraska for any purpose for a period of fifteen years from the date ordered by the court and shall order that the operator's license of such person be revoked for a like period.

At the time of Portsche's third-offense driving under the influence conviction, he was also subject to imprisonment of up to 6 months. See, Neb. Rev. Stat. § 28-106 (Reissue 1989); § 39-669.07. Under the current statutes, an individual convicted of third-offense driving under the influence is subject to imprisonment of up to 1 year, see §§ 28-106 and 60-6,196(2)(c), and for driving under the influence convictions subsequent to a third

offense, an individual is subject to imprisonment for up to 5 years, see Neb. Rev. Stat. § 28-105 (Reissue 1995) and § 60-6,196(2)(d).

Although the suspension and revocation of Portsche's license ordered by the county court in 1987 extended until July 24, 2002, Portsche argues that on January 3 and November 14, 1998, rather than being under a 15-year suspension pursuant to § 39-669.07 (now found at § 60-6,196), he was under a "generic suspension" and was entitled to have his license reinstated pursuant to former § 60-524(3), which was in effect at the time of Portsche's 1998 arrests.

In response to Portsche's claim, the State argues that former § 60-524(3) is inapplicable to Portsche's court-ordered sentence of a 15-year suspension under § 60-6,196. The State argues that former § 60-524(3) did not entitle Portsche to restoration of his license following his release from prison because, inter alia, subsection (3) was intended to apply only to the restoration of licenses which had been revoked by the Department of Motor Vehicles and did not apply to a court-ordered criminal conviction, the sentence for which included a 15-year suspension pursuant to § 60-6,196. We agree with the State that former § 60-524(3) did not entitle Portsche to the restoration of his license.

Section 60-6,196(6), the driving under suspension statute, provides:

> Any person operating a motor vehicle on the highways or streets of this state while his or her operator's license has been revoked pursuant to subdivision (2)(c) or (2)(d) of this section shall be guilty of a Class IV felony [the period of incarceration for which is 0 to 5 years, § 28-105]. If such person has had a conviction under this subsection prior to the date of the current conviction under this subsection, such person shall be guilty of a Class III felony [the period of incarceration for which is 1 to 20 years, § 28-105].

Pursuant to § 60-6,196(6), in both cases Nos. S-99-793 and S-99-1044, Portsche was charged and convicted of a Class IV felony.

At the time of Portsche's arrests in these cases, § 60-524(3) read as follows:

> Whenever a person whose license has been suspended or revoked and he has been committed to or incarcerated in a state institution, penal or otherwise, for a period of longer than one year, such person shall be entitled to have his operator's license restored to him upon his release from the institution by passing a satisfactory examination for obtaining an operator's license.

A review of legislative history shows that in 1937, the Legislature enacted Neb. Rev. Stat. § 60-4,101 (Reissue 1998), which required that a license be revoked when a person was incarcerated, and that § 60-524 was enacted in 1949 to provide for the restoration of licenses following incarceration. In 1999, § 60-4,101 was repealed and § 60-524 was revised to eliminate former subsection (3).

It is undisputed that subsequent to the county court's order revoking and suspending Portsche's operator's license for 15 years in 1987, Portsche was convicted in 1988 and in 1992 of driving under suspension, and pursuant to each conviction, he was sentenced to imprisonment and was incarcerated in a state penal institution for a period of longer than 1 year. Portsche argues generally that due to these periods of incarceration and upon his release in 1994, his license was under a "generic suspension" under former § 60-524(3), and he was therefore no longer under a "15 year suspension" under § 60-6,196 as ordered by the county court in 1987. Brief for appellant in case No. S-99-793 at 6. Portsche argues specifically in his brief that upon his release from prison, he was "eligible for reinstatement" of his operator's license under former § 60-524(3), and that because of such eligibility, his operator's license was no longer suspended under the 15-year suspension provision of § 60-6,196. Brief for appellant in case No. S-99-793 at 5. We reject Portsche's argument.

It is well settled that in construing a statute, we must look to the statute's purpose and give to the statute a reasonable construction which best achieves that purpose, rather than a construction which would defeat it. *Sheldon-Zimbelman v. Bryan Memorial Hosp.*, 258 Neb. 568, 604 N.W.2d 396 (2000). When considering a statute's meaning, it is appropriate for a court to consider the evil and mischief attempted to be remedied, the

objects sought to be accomplished, and the scope of the remedy to which its terms apply and to give the statute such an interpretation as appears best calculated to effectuate the design of the legislative provisions. *State v. Divis*, 256 Neb. 328, 589 N.W.2d 537 (1999). In construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *Vopalka v. Abraham*, 260 Neb. 737, 619 N.W.2d 594 (2000).

In construing former § 60-524(3), we must not consider that subsection in isolation but must consider it in context. Section 60-524 is part of the Motor Vehicle Safety Responsibility Act, whereas § 60-6,196 is part of the Nebraska Rules of the Road. The other subsections of § 60-524 refer to situations in which the Department of Motor Vehicles, rather than a court, suspends or revokes a driver's license. Put into such context, it is apparent that the provisions of former § 60-524(3) should not be construed to terminate a court-ordered suspension required as part of a criminal conviction under § 60-6,196. The provisions of § 60-6,196, requiring a court to revoke the license of a defendant who has multiple convictions for driving under the influence and making it a separate offense to drive during a time of such suspension, have the obvious purpose of preserving the public safety by preventing a person who has a history of driving under the influence from driving in this state for a period of years following such conviction. To apply former § 60-524(3) to a license suspension imposed under § 60-6,196(6) and thereby excuse from revocation a defendant who has served a year's incarceration for a conviction on any basis would defeat the purpose of a § 60-6,196 revocation and frustrate the objects sought to be accomplished by § 60-6,196. We reject Portsche's argument that former § 60-524(3) eliminated the 15-year driving suspension imposed on him under § 60-6,196.

In rejecting Portsche's argument that former § 60-524(3) should be applied to his driving suspension, we observe that § 60-6,196(2)(c) and (d), which requires the 15-year revocation of a license upon conviction of a third or subsequent offense for driving under the influence, also provides for the potential imposition of imprisonment for up to 1 year upon conviction for

a third offense and up to 5 years for offenses subsequent to a third-offense driving under the influence. Furthermore, § 60-6,196(6) provides for potential imprisonment of up to 5 years for a first-offense driving under suspension conviction and for potential imprisonment of up to 20 years for a subsequent driving under suspension conviction. If former § 60-524(3) was interpreted to allow restoration of a license after a year's incarceration despite a court-ordered 15-year revocation, the purpose of a § 60-6,196 revocation to prevent driving by individuals with a history of driving under the influence would be defeated by imposition of a sentence of incarceration of more than 1 year upon conviction under § 60-6,196. Such interpretation would create disharmony not only between §§ 60-524(3) and 60-6,196, but, also, within § 60-6,196 itself. In sum, Portsche urges upon this court constructions of former § 60-524(3) and § 60-6,196 which are not harmonious and would defeat the purpose of § 60-6,196. We reject the constructions urged by Portsche.

The evidence in these cases established that on January 3 and November 14, 1998, Portsche's license had been revoked and suspended by the county court pursuant to § 39-669.07 (now § 60-6,196) and had not been restored in any manner. We conclude that former § 60-524(3) did not entitle Portsche on such dates to have his license reinstated, and we therefore reject Portsche's first assignment of error.

*"Operating a Motor Vehicle."*

Portsche argues that in connection with the January 3, 1998, incident in case No. S-99-793, he was not "operating" a motor vehicle as required by the language of § 60-6,196(6) and that the district court erred in concluding that he was driving during a 15-year suspension under § 60-6,196(6). We reject Portsche's claim.

On January 3; 1998, the police found Portsche slumped over in the driver's seat of a vehicle that was running with its turn signal blinking. Portsche argues that § 60-6,196 makes a distinction between "operating" a vehicle and "being in actual physical control" of a vehicle because under the language of subsection (1) of the statute, a person can commit driving under the influence by either "operating" or "being 'in actual physical control'" of a

vehicle, whereas a person can violate subsection (6) of the statute pertaining to driving under suspension only by "'operating'" a vehicle. Brief for appellant in case No. S-99-793 at 10. That is, subsection (6) of § 60-6,196, pertaining to driving under suspension, does not contain the "actual physical control" language which is found in subsection (1), pertaining to driving under the influence. Portsche argues that while the evidence might support a finding that he was in "actual physical control" of the vehicle on January 3, it does not support a finding that he was "operating" the vehicle under § 60-6,196(6), pertaining to driving under suspension and for which he was convicted.

The district court stated that it did not need to resolve the question of whether a distinction existed between "operating" and "being in physical control" of a vehicle because it found as a fact that Portsche was "operating" the vehicle as required by § 60-6,196(6). The district court based this finding on evidence that Portsche was "the only person in his car, was found slumped over in the driver's seat, with the engine running and the left blinker on." The district court also cited evidence that Portsche told the police that he was "'on his way home.'" We conclude that the district court, as the finder of fact, did not err in finding that on January 3, 1998, Portsche was "operating a [motor] vehicle" while his license was revoked, as the quoted phrase is used under § 60-6,196(6).

We have previously held that in a driving under suspension case, circumstantial evidence may serve to establish the operation of a motor vehicle. *State v. Hanger*, 241 Neb. 812, 491 N.W.2d 55 (1992). See, similarly, *State v. Eckert*, 186 Neb. 134, 181 N.W.2d 264 (1970) (holding in driving under influence case that circumstantial evidence may serve to establish operation of vehicle). The evidence in the instant case that Portsche was in the driver's seat and was the sole occupant of the vehicle on a city street, that the vehicle's engine was running and its turn signal was blinking, and that Portsche told police that he was "on his way home" was sufficient to support the district court's ruling that Portsche was "operating a motor vehicle" while his license was revoked within the meaning of § 60-6,196. See, *State v. Blackman*, 254 Neb. 941, 580 N.W.2d 546 (1998); *State v. Johnson*, 250 Neb. 933, 554 N.W.2d 126 (1996); *State v.*

*Baker*, 236 Neb. 261, 461 N.W.2d 251 (1990); *State v. Miller*, 226 Neb. 576, 412 N.W.2d 849 (1987); *State v. Eckert, supra.* See, also, *United States v. Weston*, 466 F.2d 435 (D.C. Cir. 1972) (under driving under suspension statute, defendant was "operating" automobile when seated alone in vehicle behind steering wheel with ignition key in switch and motor running). The district court could reasonably have inferred that at a minimum, Portsche had started the vehicle which is an act within the meaning of "operating" a motor vehicle. See, *Leake v. Com.*, 27 Va. App. 101, 497 S.E.2d 522 (1998) ("operating" includes starting engine or manipulating mechanical or electrical equipment of vehicle without actually putting car into motion); *State v. Hines*, 478 N.W.2d 888 (Iowa App. 1991) (defendant was "operating" vehicle when he started engine). See, also, *Daily v. Bond*, 623 F.2d 624 (9th Cir. 1980) (attempting to start aircraft constitutes "operating" an aircraft under FAA regulations). The district court properly determined that Portsche was operating a vehicle on January 3, 1998, and was, therefore, driving under suspension. We reject Portsche's second assignment of error.

## CONCLUSION

For the reasons stated above, we conclude that Portsche's assignments of error are without merit. Accordingly, we affirm the convictions in cases Nos. S-99-793 and S-99-1044.

AFFIRMED.