STATE OF NEBRASKA, APPELLEE, V.
JASON S. BAKER, APPELLANT.
652 N.W.2d 612

Filed November 1, 2002.   No. S-02-115.

Robert P. Lindemeier, Lincoln County Public Defender, for appellant.

Don Stenberg, Attorney General, and Mark. D. Raffety for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.
## NATURE OF CASE
Jason S. Baker filed a motion to discharge alleging violation of his statutory right to a speedy trial. The Lincoln County District Court denied Baker's motion, and he appeals.

SCOPE OF REVIEW

■ As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Recek*, 263 Neb. 644, 641 N.W.2d 391 (2002).

■ To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below. *Id.*

FACTS

On March 23, 1999, a juvenile court petition was filed alleging that Baker had subjected another person to sexual penetration without consent. This petition was dismissed on April 2, and a complaint was filed in Lincoln County Court charging Baker with first degree sexual assault, a Class II felony. On April 30, before the clerk of the district court, the Lincoln County Attorney subscribed and swore to an information charging Baker. However, the information was not file stamped until October 5. According to an order file stamped on October 19, Baker pled not guilty on October 4, and the Lincoln County District Court set a jury trial date for January 25, 2000.

On January 20, 2000, Baker filed a motion to discharge on speedy trial grounds, which the district court denied on February 2. The court explained that the speedy trial statute, Neb. Rev. Stat. § 29-1207 (Reissue 1995), "specifically states that the six month period to be counted toward speedy trial begins to run when the information is filed." The court found that the information was not filed in this case until October 5, 1999, the date the information was file stamped. The court separately considered whether Baker's Sixth Amendment right to a speedy trial or his due process rights had been violated and concluded that they had not. On February 11, 2000, Baker filed an appeal of the court's denial of his motion to discharge.

On February 6, 2001, the Nebraska Court of Appeals affirmed the district court's denial of Baker's motion to discharge. See *State v. Baker*, No. A-00-177, 2001 WL 221557 (Neb. App. Feb. 6, 2001) (not designated for permanent publication). The Court of Appeals also concluded that the 6-month period contained in

§ 29-1207 did not begin to run until October 5, 1999, the date the information was filed. It held that neither Baker's statutory right to a speedy trial nor his constitutional right to a speedy trial had been violated.

Baker's petition for further review was granted and subsequently dismissed as having been improvidently granted. The clerk of the district court received our mandate on September 14, 2001, and an order spreading the mandate was signed and filed on September 28. By order file stamped October 17, the district court set a trial date for December 18. On December 3, the court rescheduled the trial for January 29, 2002. We point out that following Baker's interlocutory appeal, the State did not advise the district court of any potential speedy trial problems. The State did not object to the trial dates set by the court, nor did the State attempt to show good cause why the court should extend the time for bringing Baker to trial as provided in § 29-1207(4)(f). On December 18, 2001, Baker filed a supplemental motion to discharge. The court denied Baker's motion on January 22, 2002, and he filed a notice of appeal from that decision on January 28.

## ASSIGNMENTS OF ERROR

Baker assigns as error that the district court erred by failing to grant his motion to discharge, because the State did not bring him to trial within 6 months as required by Neb. Rev. Stat. §§ 29-1205 through 29-1209 (Reissue 1995). He does not claim that the court erred in failing to find a violation of his constitutional right to a speedy trial.

## ANALYSIS

The speedy trial statute, § 29-1207, provides:

(1) Every person indicted or informed against for any offense shall be brought to trial within six months, and such time shall be computed as provided in this section.

. . . .

(3) If such defendant is to be tried again following a mistrial, an order for a new trial, or an appeal or collateral attack, such period shall commence to run from the date of the mistrial, order granting a new trial, or the mandate on remand.

If a defendant is not brought to trial before the running of the time for trial, as extended by excluded periods, he shall be entitled to an absolute discharge from the offense charged. *State v. Knudtson*, 262 Neb. 917, 636 N.W.2d 379 (2001). The primary burden of bringing an accused person to trial within the time provided by law is upon the State, and the failure to do so entitles the defendant to an absolute discharge. *Id.*

Baker argues that the district court erred by holding that the State was entitled to a new 6-month period for speedy trial purposes after his interlocutory appeal was decided. He asserts that the 6-month period commenced to run when the juvenile court petition was filed on March 23, 1999, or, in the alternative, that the 6-month period commenced when the information was file stamped on October 5, 1999. Baker argues that in either case, the 6-month period expired before trial and that, therefore, he was entitled to an absolute discharge.

The State argues that a new 6-month period for speedy trial calculations commenced to run on September 28, 2001, when the mandate was spread on the record following Baker's interlocutory appeal. The State asserts that it does not matter that the trial was not set until December 18 and later rescheduled for January 29, 2002, because in either case, the 6-month period did not elapse.

In *State v. Baker*, No. A-00-177, 2001 WL 221557 (Neb. App. Feb. 6, 2001) (not designated for permanent publication), the Court of Appeals determined that the information charging Baker with first degree sexual assault was filed on October 5, 1999. This determination became the law of the case, and therefore, pursuant to § 29-1207(2), the 6-month period commenced on October 5, 1999.

The issue presented is whether the State is entitled to an additional 6-month speedy trial period after the mandate was entered in the district court following appellate review of Baker's interlocutory appeal or whether such appeal merely tolled the original 6-month period until the district court reacquired jurisdiction. The State argues that our opinion in *State v. Kinser*, 256 Neb. 56, 588 N.W.2d 794 (1999), is controlling.

*Kinser* involved a jury trial conviction in district court. There, the judgment of conviction was reversed on appeal, and the cause

was remanded for a new trial. In *Kinser*, we construed § 29-1207(3) to mean that when a new trial is ordered after an appeal, the district court has 6 months to retry the defendant after the mandate is spread upon the record. We stated that § 29-1207

> specifies two categories of events from which the 6-month period may be computed: The date the indictment is returned or the information filed, see § 29-1207(2), or "[i]f such defendant is to be tried again following a mistrial, an order for a new trial, or *an appeal* or collateral attack, such period shall commence to run from the date of the mistrial, order granting a new trial, *or the mandate on remand.*"

(Emphasis in original.) *Kinser*, 256 Neb. at 58, 588 N.W.2d at 796-97.

Unlike *Kinser*, the case at bar does not involve a defendant who is to be tried again. The district court concluded that § 29-1207 required that the 6-month period begin again after the mandate was spread on the record following Baker's interlocutory appeal. We disagree. To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below. *State v. Recek*, 263 Neb. 644, 641 N.W.2d 391 (2002). In construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *State v. Portsche*, 261 Neb. 160, 622 N.W.2d 582 (2001). A fundamental principle of statutory construction requires that penal statutes be strictly construed. See *State v. Utter*, 263 Neb. 632, 641 N.W.2d 624 (2002).

Here, the key words in § 29-1207(3) are "tried again." Given their ordinary meaning, they can only refer to a defendant who has previously been put on trial. "[T]ried again," as used in § 29-1207(3), does not refer to a defendant who has yet to be brought to trial a first time and whose trial has been delayed because of the defendant's interlocutory appeal. To conclude otherwise would require us to ignore the plain language of § 29-1207(3). We therefore conclude that § 29-1207(3) does not apply to the case at bar because Baker has not yet been brought to trial.

■ We next address the impact of Baker's interlocutory appeal upon the 6-month period for speedy trial purposes. The State urges this court to modify our decision in *State v. Ward*, 257 Neb. 377, 597 N.W.2d 614 (1999), and hold that when a defendant files a motion to discharge and an appellate court finds no merit to the motion, the 6-month period should begin again after the cause is remanded to the trial court. In *Ward*, we explained that "where further proceedings are to be had following an interlocutory appeal, for speedy trial purposes, the period of time excludable due to the appeal concludes when the district court first reacquires jurisdiction over the case by taking action on the mandate of the appellate court." 257 Neb. at 386, 597 N.W.2d at 621.

The State claims that our decision in *Ward* could result in practical difficulties which violate the intent of § 29-1207. The State claims that a hypothetical defendant whose trial date was set for the last possible day in the 6-month period could file a motion to discharge on that day and appeal the trial court's denial of the motion. The trial court would subsequently be left with insufficient time to reset the trial date after the mandate was spread on the record following the appellate court's decision to affirm the denial of the motion to discharge. Although such a factual scenario is not before us, we point out that § 29-1207(4)(f) provides that other periods of delay may be excluded if the court finds they are for good cause. We decline the State's invitation to modify our decision in *Ward*.

We next consider whether Baker was timely brought to trial. Between October 5, 1999, and December 18, 2001, when Baker filed his second motion to discharge, there were two periods excludable under § 29-1207(4).

On January 20, 2000, Baker filed his first motion to discharge. The district court overruled this pretrial motion on February 2. This period is excludable under § 29-1207(4)(a) as "the time from filing until final disposition of pretrial motions of the defendant." Then the question becomes whether the excludable period commences January 20 or 21.

In *State v. Oldfield*, 236 Neb. 433, 442-43, 461 N.W.2d 554, 561 (1990), we explained:

Although in some of our decisions it appears that the day on which a defendant filed a pretrial motion is counted

within the exclusionary period under § 29-1207(4)(a) . . . nevertheless, as we have reaffirmed and expressed today, an excludable period under § 29-1207(4)(a) commences on the day immediately after the filing of a defendant's pretrial motion.

Therefore, in this case, we start counting the excludable period resulting from Baker's pretrial motion on January 21, 2000. Beginning with January 21, there are 13 days until February 2. This is the first excludable period.

Second, on February 11, 2000, Baker filed a notice of appeal of the district court's denial of his first motion to discharge. As we stated in *State v. Ward*, 257 Neb. 377, 386, 597 N.W.2d 614, 620 (1999), for speedy trial purposes, an interlocutory appeal "certainly constitutes a 'period of delay resulting from other proceedings concerning the defendant,' within the meaning of § 29-1207(4)(a)." Whereas the excludable time resulting from Baker's first motion to discharge, for speedy trial purposes, falls under the "pretrial motions" category of § 29-1207(4)(a), see *State v. Oldfield, supra*, his appeal of the district court's ruling on the motion to discharge falls under the "other proceedings concerning the defendant" category of § 29-1207(4)(a).

In *Ward*, we explained that in calculating the number of excludable days resulting from an interlocutory appeal, for speedy trial purposes, "the period to be excluded due to [the] appeal commence[s] on and includes . . . the date on which he filed his notice of appeal." 257 Neb. at 386, 597 N.W.2d at 620. Therefore, it is clear that in calculating the excludable time resulting from Baker's interlocutory appeal, for speedy trial purposes, we begin counting on February 11, 2000, the day the notice of appeal was filed.

In *State v. Kinser*, 256 Neb. 56, 60, 588 N.W.2d 794, 797-98 (1999), we stated that "[t]he district court first took action on the mandate by spreading it on the record . . . thus reacquiring jurisdiction from the appellate courts . . . ." In the case at bar, the district court first took action on the mandate by spreading it on the record on September 28, 2001. Beginning with February 11, 2000, there are 596 days until September 28, 2001. Adding the 13 excludable days resulting from Baker's pretrial motion to discharge to the 596 excludable days resulting from his interlocutory

appeal of the district court's ruling on that motion, we arrive at a total excludable period of 609 days.

We next proceed to calculate whether the 6-month period elapsed before Baker was brought to trial. The rule in Nebraska is clear that to calculate the time for speedy trial purposes, we must exclude the day the information was filed, count forward 6 months, back up 1 day, and then add in any time excluded under § 29-1207(4) to determine the last day the defendant can be tried. See *State v. Boslau*, 258 Neb. 39, 601 N.W.2d 769 (1999). The information was filed against Baker on October 5, 1999. If there were no time periods excluded under § 29-1207(4), the last day on which the State could have brought Baker to trial would have been April 5, 2000. Since there are 609 days excluded under § 29-1207(4), the last day the State could have brought Baker to trial was December 5, 2001. Baker's trial date was initially set for December 18, and then it was delayed to January 29, 2002. Thus, the 6-month speedy trial period elapsed before Baker was brought to trial. The State failed to meet its burden of bringing Baker to trial within the time provided by law.

As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Recek*, 263 Neb. 644, 641 N.W.2d 391 (2002). The district court's denial of Baker's motion to discharge was clearly erroneous.

## CONCLUSION

Baker is entitled to an absolute discharge of the offense charged, because the State did not bring him to trial within the time required by § 29-1207. The judgment of the district court is reversed, and the cause is remanded with directions to dismiss.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.