IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

STATE V. STUBBENDICK

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,
V.
HAROLD STUBBENDICK, APPELLANT.

Filed September 30, 2014.    No. A-14-232.

Appeal from the District Court for Otoe County: DANIEL E. BRYAN, JR., Judge. Affirmed.

Jenniffer Panko-Rahe, of Panko-Rahe Law Office, for appellant.

Jon Bruning, Attorney General, and Austin N. Relph for appellee.

IRWIN, MOORE, and PIRTLE, Judges.

MOORE, Judge.

## INTRODUCTION

Harold Stubbendick appeals from the order of the district court for Otoe County, which affirmed his conviction and sentence in the county court for driving under the influence (DUI), first offense. Because Stubbendick did not file a statement of errors, the district court reviewed for plain error. On appeal to this court, Stubbendick asserts that the county court erred in denying his motion to suppress, that there was insufficient evidence to show that he operated or was in control of his vehicle or that his vehicle was on a public roadway, and that he received ineffective assistance of trial counsel. Because we find no plain error and Stubbendick has not demonstrated that he was prejudiced by his trial counsel's performance, we affirm.

## BACKGROUND

On April 1, 2013, the State filed a complaint in the county court, charging Stubbendick with DUI, first offense, in violation of Neb. Rev. Stat. § 60-6,196 (Reissue 2010), a Class W misdemeanor, for an offense alleged as occurring on January 29.

Stubbendick filed a motion to suppress, which was heard by the county court on July 15, 2013. At the suppression hearing, Stubbendick stipulated, for purposes of the hearing, that the field sobriety tests conducted on January 29 would show probable cause for the purpose of his arrest, that he was impaired at the time by a controlled substance, and that the issue before the court was whether he was operating or in control of a motor vehicle on a public roadway. He made it clear that he was not raising the issue of probable cause for a stop of his vehicle at that point.

The only witness at the hearing was Brian Briley, a deputy sheriff with the Otoe County Sheriff's Department. On January 29, 2013, Briley was dispatched to Otoe, Nebraska, to investigate a report that two individuals in a white truck were "spotlighting," or shining a light on, houses in Otoe. The report identified Stubbendick and Renner Wilson as the individuals doing the spotlighting. Dispatch received the spotlighting complaint around 8 p.m., and Briley arrived in Otoe around 8:17 p.m. As Briley drove toward Stubbendick's house, Briley saw a pickup sitting slightly off the roadway in a rock-covered area next to the street between the sidewalk and the street. Briley observed that the pickup's headlights were on, and he could see an exhaust plume coming from the vehicle, indicating to him that the vehicle was running. Briley observed two individuals sitting in the pickup, and based on prior contact, he recognized them as Stubbendick and Wilson. Stubbendick was in the driver's seat.

Briley pulled up next to the pickup and rolled down the passenger side window of his patrol car. Wilson exited the pickup, walked up to the patrol car, and spoke with Briley. Briley engaged him in conversation about the reported spotlighting, and Wilson admitted that he and Stubbendick had spotlighted a house in Otoe. Briley smelled marijuana on Wilson, who admitted that he had smoked marijuana about an hour earlier. Briley also had contact with Stubbendick, who admitted to smoking marijuana earlier that evening. When other deputies arrived at the scene, they asked Stubbendick to perform field sobriety tests, the results of which led to Stubbendick's arrest for DUI.

The county court received an aerial photograph of the area into evidence, and Briley marked the photograph to show the location where he had observed the pickup. Briley testified further that the pickup was parked roughly 4 to 5 feet off the paved road in a gravel area between the roadway and the sidewalk and that he had seen vehicles parked there before. According to Briley, there were no signs or other indications that the area was not open to public access. Although Briley did not actually observe Stubbendick driving the pickup, he testified that he observed fresh tire tracks in newly fallen snow leading from the road adjacent to the gravel area straight to where the pickup was parked.

On July 22, 2013, the county court entered an order denying Stubbendick's motion to suppress. The court found that Stubbendick's vehicle was parked on a gravel area between the roadway and sidewalk, the vehicle was running, and Stubbendick was seated in the driver's seat. The court noted Stubbendick's admission that he consumed marijuana earlier during the evening in question and his stipulation that he was under the influence at the time of the field sobriety tests administered to him. The court determined that the remaining question was whether the pickup was parked "upon a highway or anywhere throughout the state except private property which is not open to public access." The court reviewed the evidence about the pickup's location and found that the location was "not a private driveway leading up to [Stubbendick's] home or

his garage," but that it was "more akin to an offstreet parking area." The court concluded that "the evidence substantiate[d] the deputy's belief that [the] area in which [Stubbendick's] vehicle was parked was an area on private property open to public access." The court found "sufficient articulable facts to establish probable cause that [Stubbendick] was operating a motor vehicle upon private property open to public access" and denied Stubbendick's motion to suppress.

A bench trial was held before the county court on August 27, 2013. The parties prepared a joint stipulation of facts, subject to Stubbendick's renewal of the objections raised in his motion to suppress as to the probable cause for his arrest. The court overruled Stubbendick's renewed objections and received the parties' stipulated facts, which included many of the facts brought forth at the suppression hearing, as well as facts about Briley's search of Stubbendick and the pickup, the drug influence evaluation report from the night of the arrest, and the results from Stubbendick's urinalysis. We discuss the stipulated facts relevant to Stubbendick's appeal to this court in the analysis section below.

The county court found Stubbendick guilty of DUI, and on November 25, 2013, entered an order sentencing him to probation for 9 months.

Stubbendick appealed to the district court. Because Stubbendick's attorney did not file a statement of errors, the district court reviewed the proceedings in the county court for plain error. On February 11, 2014, the district court entered an order, finding no plain error and affirming Stubbendick's conviction and sentence. Stubbendick subsequently perfected his appeal to this court.

## ASSIGNMENTS OF ERROR

Stubbendick asserts, consolidated and restated, that the district court erred in affirming the county court's judgment because (1) the county court erred in denying his motion to suppress and (2) there was insufficient evidence to convict him of DUI. He also asserts that he received ineffective assistance of trial counsel.

## STANDARD OF REVIEW

Where no timely statement of errors is filed in an appeal from a county court to a district court, appellate review is limited to plain error. *State v. Griffin*, 270 Neb. 578, 705 N.W.2d 51 (2005). Plain error may be found on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Ramirez*, 287 Neb. 356, 842 N.W.2d 694 (2014).

## ANALYSIS

*Probable Cause for Arrest.*

Stubbendick asserts that the district court erred in affirming the county court's judgment because the county court erred in denying his motion to suppress. He argues that there was no probable cause to believe that he was operating or in control of a vehicle and because his vehicle was on private property not open to public access. Under Neb. Rev. Stat. § 60-6,108(1) (Reissue 2010), Nebraska's DUI statutes do not apply to a person's operation or control of a vehicle on

private property that is not open to public access. *State v. McCave*, 282 Neb. 500, 805 N.W.2d 290 (2011).

Probable cause to support a warrantless arrest exists only if the officer has knowledge at the time of the arrest, based on information that is reasonably trustworthy under the circumstances, that would cause a reasonably cautious person to believe that a suspect has committed or is committing a crime. *State v. Matit*, 288 Neb. 163, 846 N.W.2d 232 (2014). Probable cause is a flexible, commonsense standard that depends on the totality of the circumstances. *Id.* Probable cause is not defeated because an officer incorrectly believes that a crime has been or is being committed. *Id.* But implicit in the probable cause standard is the requirement that a law enforcement officer's mistakes be reasonable. *Id.* An appellate court determines whether probable cause existed under an objective standard of reasonableness, given the known facts and circumstances. *Id.*

We first address whether it was reasonable for Briley to conclude that Stubbendick was operating or in control of the vehicle. Stubbendick argues that Briley did not have probable cause to believe he was operating the vehicle because Briley only saw the vehicle while parked. In addition, the stipulated facts indicate that when Briley reached the vehicle, the engine had been shut off. The Nebraska Supreme Court has determined that "operate," as used in the DUI statutes, refers to the actual physical handling of the controls of the vehicle while under the influence. See *State v. Baker*, 236 Neb. 261, 461 N.W.2d 251 (1990). In DUI cases, circumstantial evidence can establish a person's operation of a motor vehicle. *State v. Matit, supra*.

In *State v. Eckert*, 186 Neb. 134, 181 N.W.2d 264 (1970), the Nebraska Supreme Court found the evidence sufficient to show that the defendant had been operating a vehicle while intoxicated where the defendant's vehicle was found parked in the right-hand lane of a public highway, the defendant was slumped over the steering wheel in a drunken stupor, and he was alone in the vehicle, even though the vehicle was not moving and the engine was not running at the time of his arrest.

In *State v. Baker*, 224 Neb. 130, 395 N.W.2d 766 (1986), the defendant was the sole occupant of a vehicle parked in a turn lane early in the morning. He was asleep when discovered by a deputy sheriff, who noted the strong smell of alcohol on the defendant's breath and his slurred speech. The Supreme Court found sufficient circumstantial evidence that the defendant was operating a vehicle while intoxicated. See, also, *State v. Johnson*, 250 Neb. 933, 554 N.W.2d 126 (1996) (weight and credibility of circumstantial evidence regarding defendant's operation of vehicle was for trier of fact).

In contrast, in *State v. McCave*, 282 Neb. 500, 805 N.W.2d 290 (2011), the Nebraska Supreme Court found that officers did not have probable cause to believe the defendant had driven a vehicle on a public highway while intoxicated. In that case, the defendant was found in a vehicle parked in a residential driveway. However, there was no evidence to establish or infer that the defendant had been driving prior to being located in the vehicle in the driveway.

In this case, Briley responded to a report that Stubbendick and Wilson had been spotlighting houses in Otoe. Dispatch received the spotlighting complaint around 8 p.m., and Briley arrived in Otoe around 8:17, finding these individuals in a parked pickup. Wilson admitted that they had spotlighted a particular house in Otoe. Briley observed Stubbendick in the

driver's seat, the vehicle's headlights were on, a plume of exhaust was coming from the vehicle, and there were fresh tire tracks in the snow leading directly to the vehicle. We conclude that the county court did not plainly err in finding that Briley had probable cause to believe that Stubbendick was operating or in control of the vehicle.

The next question in this case is whether it was reasonable for Briley to conclude that Stubbendick's vehicle was situated on property which was open to public access. The parties draw our attention to three cases in which the Nebraska Supreme Court has considered whether a roadway was open to public access.

In *State v. Prater*, 268 Neb. 655, 686 N.W.2d 896 (2004), the defendant, who was slumped over in the driver's seat, was found in a vehicle with its engine running in an apartment complex parking lot. The defendant was convicted under a city ordinance with a provision similar to § 60-6,108. The Nebraska Supreme Court determined that "the phrase 'open to public access' means that the public has permission or the ability to enter." *State v. Prater*, 268 Neb. at 658, 686 N.W.2d at 898. The court also noted that whether a location is open to public access is primarily a question of fact. *Id.* Because the parking lot in that case was also used by maintenance workers and guests of residents, the Supreme Court concluded that the trial court did not err in finding the city ordinance applicable and that the parking lot was open to public access.

In contrast, in *State v. McCave, supra*, the Nebraska Supreme Court reached a different result. As noted above, the defendant's vehicle in that case was parked in a residential driveway and a portion of his vehicle was left overhanging the sidewalk. The Supreme Court noted Neb. Rev. Stat. § 60-649 (Reissue 2010), which provides, "Private road or driveway shall mean every way or place in private ownership and used for vehicular travel by the owner and those having express or implied permission from the owner but not by other persons." The Supreme Court concluded that under § 60-649, a residential driveway is not private property that is open to public access. *State v. McCave, supra*. The Supreme Court reasoned further that criminal liability under § 60-6,196 does not extend to intoxicated persons in control of a vehicle on a residential driveway, regardless of whether part of the vehicle crosses a sidewalk. *State v. McCave, supra*.

More recently, in *State v. Matit*, 288 Neb. 163, 846 N.W.2d 232 (2014), the Nebraska Supreme Court found probable cause for a defendant's arrest where the defendant's vehicle was found parked on a paved area between the sidewalk and the street in front of an apartment complex. The arresting officer observed the defendant start the vehicle on several occasions and approached after observing the driver exit the vehicle, urinate on a tree, and return to the vehicle. Upon approaching, the officer found the defendant in an intoxicated state. The officer understood the area where the defendant's vehicle was parked to be part of the city's right-of-way. In observing the area on other occasions, the officer had seen vehicles park in and then leave the paved area, and he understood that the area was used in that way by both residents and nonresidents of the apartment complex. The Nebraska Supreme Court found that the trial court did not err in finding that the officer had a reasonable belief that the vehicle was located on property that was open to public access.

The case before us is most similar to *State v. Matit, supra*. Here, Stubbendick's vehicle was located just off the village-maintained portion of the blacktopped roadway, on a gravel area running parallel to the road, immediately adjacent to the road between the roadway and the

sidewalk. The evidence shows that the area is generally used for parking vehicles, and there were no signs indicating the area was private property. Although near Stubbendick's house, the pickup was not parked on a driveway leading to his house or garage. Based upon the foregoing facts, we conclude that Briley's belief that the vehicle was situated on property open to public access was reasonable. We find no plain error in the county court's finding that Briley had probable cause to believe that the vehicle was located on property open to public access.

We find no error in the district court's affirmance of the county court's decision denying Stubbendick's motion to suppress.

*Sufficiency of Evidence.*

Stubbendick asserts that the district court erred in affirming the county court's judgment because there was insufficient evidence to convict him of DUI. Under § 60-6,196, it is unlawful for a person to operate or be in the actual physical control of any motor vehicle while under the influence of alcohol or a drug. Stubbendick does not challenge the finding that he was under the influence of drugs at the time of the encounter, so we need not detail the facts relating to this element of the crime. Rather, we focus on the stipulated facts regarding Stubbendick's operation of the vehicle and the location of the vehicle at the time of the stop.

When reviewing a criminal conviction for sufficiency of the evidence to sustain the conviction, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Juranek*, 287 Neb. 846, 844 N.W.2d 791 (2014). In reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence. *Id.*

As noted above, in DUI cases, circumstantial evidence can establish a person's operation of a motor vehicle. *State v. Matit*, 288 Neb. 163, 846 N.W.2d 232 (2014). The trial stipulation shows that when Briley first observed the vehicle in question, it had its headlights on and there was a plume of exhaust coming from it. Stubbendick was in the driver's seat. Viewing the evidence in the light most favorable to the State, we conclude the evidence was sufficient to establish Stubbendick's operation of a motor vehicle.

We further conclude that the evidence was sufficient to establish that the vehicle was located on property open to public access at the time of the stop. The stipulated facts indicate that at the time of the stop, the pickup was located just off the village-maintained portion of the blacktopped roadway on a gravel area running parallel to the road, immediately adjacent to the road, and between the roadway and the sidewalk. Further, the area where the pickup was located was generally used for parking vehicles and there were no signs indicating the area was private property. The vehicle was not in the driveway leading to Stubbendick's house. See *State v. Matit, supra*.

We find no plain error in the county court's finding of sufficient evidence to support Stubbendick's conviction for DUI and no error in the district court's affirmance.

*Ineffective Assistance of Counsel.*

Stubbendick asserts that he received ineffective assistance of trial counsel. He argues that he received ineffective assistance of counsel when his counsel failed to file a statement of errors

with the district court, limiting it to review for plain error, and failed to challenge the sufficiency of the evidence to support his conviction on appeal to the district court.

The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. *State v. Filholm*, 287 Neb. 763, 848 N.W.2d 571 (2014). The determining factor is whether the record is sufficient to adequately review the question. *Id.* An ineffective assistance of counsel claim will not be addressed on direct appeal if it requires an evidentiary hearing. *Id.* In the context of a direct appeal, like the requirement in postconviction proceedings, mere conclusions of fact or law are not sufficient to allege ineffective assistance of counsel. *Id.*

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Filholm, supra*. An appellate court may address the two prongs of this test, deficient performance and prejudice, in either order. *Id.* To show prejudice on a claim of ineffective assistance of counsel, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id.*

With respect to prejudice, Stubbendick asserts because his attorney did not file a statement of errors, the district court was limited to plain error review. He further argues that had counsel properly filed a statement of errors which challenged the probable cause findings regarding his operation of a vehicle on a public roadway and the sufficiency of the evidence, the district court may have found in his favor on these issues.

Stubbendick's arguments do not demonstrate a reasonable probability that but for his counsel's allegedly deficient performance, the result of the proceeding would have been different. We have thoroughly reviewed Stubbendick's first two assignments of error, albeit under a plain error standard, and have found no plain error. We conclude that even if reviewed under traditional standards of review, the evidence is sufficient to find probable cause for Stubbendick's arrest and to support his conviction for DUI. See *State v. Matit*, 288 Neb. 163, 846 N.W.2d 232 (2014) (appellate court reviews trial court's findings of fact for clear error but conducts independent review of whether facts trigger or violate Fourth Amendment protections; question for appellate court reviewing sufficiency of evidence is whether, after viewing evidence in light most favorable to prosecution, any rational trier of fact could have found essential elements of crime beyond reasonable doubt). Accordingly, Stubbendick has not shown that he was prejudiced by his counsel's performance. This assignment of error is without merit.

CONCLUSION

We find no plain error in the district court's affirmance of the county court's denial of Stubbendick's motion to suppress and of his conviction for DUI. Stubbendick did not receive ineffective assistance of counsel.

AFFIRMED.