STATE OF NEBRASKA, APPELLEE, V.
WILLIAM C. BLACKMAN, APPELLANT.
580 N.W. 2d 546

Filed July 2, 1998.   No. S-97-105.

J. Blake Edwards and Robert S. Harvoy, of McGinley, Lane, O'Donnell, Reynolds & Edwards, P.C., for appellant.

Don Stenberg, Attorney General, and Mark D. Starr for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

STEPHAN, J.

The Nebraska Court of Appeals concluded that William C. Blackman's conviction for driving under the influence of alcohol (DUI), in violation of Neb. Rev. Stat. § 60-6,196 (Reissue 1993), should be reversed, based upon its determination that the evidence adduced at his trial was insufficient to sustain the conviction. *State v. Blackman*, 6 Neb. App. 294, 572 N.W.2d 101 (1997). We granted the State's petition for further review and conclude that the evidence, while mostly circumstantial, was sufficient to sustain the conviction.

## FACTUAL AND PROCEDURAL BACKGROUND

In a complaint filed on June 5, 1996, the State alleged that while in Keith County on May 31, 1996, Blackman did "operate or have actual physical control of a motor vehicle while under the influence of alcoholic liquor or of any drug, or when he had a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath." A bench trial was held on October 7, 1996, in the county court for Keith County. Two witnesses testified for the State.

Dion John Neumiller, a deputy sheriff with the Keith County Sheriff's Department, testified that at approximately 10 p.m. on May 31, 1996, he was notified that a motorcycle was observed in a ditch along a county road in rural Keith County. When Neumiller arrived at the scene 15 to 20 minutes later, he observed the motorcycle in the ditch north of the road and a man, later identified as Blackman, "laying [sic] on the east side

of the motorcycle with his feet in the ditch and his back up on the roadway." Neumiller described his initial encounter with Blackman as follows:

> When I arrived the male wasn't moving. I exited my patrol vehicle and asked him if everything was okay. At that point, he did move, and he advised me that he had been westbound when he met two vehicles. After the second vehicle passed him, he lost control of the motorcycle and went into the north ditch and high centered it there.

Neumiller also testified that after he asked Blackman if he was hurt, Blackman "pretty much insisted that he could still ride the motorcycle" and that Blackman stated before the accident occurred, he was going home. Additionally, Neumiller testified that Blackman advised him that "he needed help getting the motorcycle out of the ditch and back up onto the roadway." However, Neumiller did not observe Blackman on the motorcycle at any point prior to or after arriving on the scene, and on cross-examination, Neumiller could not recall whether the keys to the motorcycle were in the ignition or if the motor was warm to the touch after he arrived at the scene.

During their encounter, Neumiller detected "a strong odor of an alcoholic beverage coming from" Blackman. When questioned, Blackman told Neumiller that he had not consumed alcohol since the previous evening. Neumiller observed that Blackman was able to stand without assistance but had difficulty walking, that his speech was slurred, and that his eyes were bloodshot. Blackman was unable to perform field sobriety tests satisfactorily. Based upon these observations and his education, training, and law enforcement experience, Neumiller formed the opinion that Blackman was under the influence of alcohol and arrested him on suspicion of DUI. Neumiller then transported Blackman to the Keith County Corrections Center.

Officer David Kling of the Ogallala Police Department testified that at the time of Blackman's arrest, Kling held a valid Class B permit to operate an Intoxilyzer 5000 machine. Kling administered an Intoxilyzer test to Blackman after Neumiller transported him to the corrections center. Following the 15-minute statutory observation period, which began at 11:11 p.m., Kling conducted the test and obtained the results at 11:28 p.m.

Kling testified that he conducted the test in accordance with the rules and regulations of the state Department of Health. The parties stipulated that the Intoxilyzer was properly maintained and calibrated at the time of the test. The Intoxilyzer test results, received over Blackman's relevancy objection, established that Blackman had .134 grams of alcohol per 210 liters of breath as of 11:28 p.m., approximately 1½ hours after Neumiller received the dispatcher's notice which led to his roadside encounter with Blackman.

The State rested following Kling's testimony, and Blackman moved for a directed verdict, asserting the prosecution's failure "to show any time that [Blackman] was in actual control of a motor vehicle, so as to constitute a reasonable time prior to the testing procedure that he was in control of the vehicle." After the court overruled this motion, Blackman rested without presenting evidence and renewed his motion for directed verdict. Following closing arguments, the trial court issued the following ruling from the bench:

> The Court finds from an examination of the evidence that the State of Nebraska has met its burden of proof and finds the defendant, William C. Blackman, guilty of Driving Under the Influence of Alcoholic Liquor under . . . §60-6,196(1)(c), Class W Misdemeanor.

A journal entry filed on October 10, 1996, states that the court found Blackman guilty of " 'Driving Under the Influence of Alcoholic Liquor.' " The court subsequently imposed sentence, which included 6 months' probation, a $200 fine plus costs, revocation of Blackman's operator's license for 60 days, an order that he not consume or possess alcohol, and an order that he submit to random chemical testing at his own expense.

Blackman appealed to the district court for Keith County, alleging that the judgment of the county court was contrary to the facts and contrary to law. The district court found no error and affirmed Blackman's conviction and sentence. Blackman then perfected a timely appeal to the Court of Appeals, which, in a 2-to-1 opinion, reversed, with directions to dismiss.

In the majority opinion, the Court of Appeals found that "[t]he undisputed evidence produced by the State was that Blackman was lying by his motorcycle and that he was under

the influence of alcohol at the time Officer Neumiller arrived at the scene." *State v. Blackman*, 6 Neb. App. 294, 299, 572 N.W.2d 101, 104 (1997). However, the majority viewed the critical issue as "whether there is sufficient direct or circumstantial evidence from which a fact finder could infer that Blackman's intoxication and his operation or control of his motorcycle on a public road occurred simultaneously, not that Blackman was intoxicated when Officer Neumiller arrived." *Id.* at 298, 572 N.W.2d at 104. The majority concluded that because there was no direct or circumstantial evidence establishing when the accident occurred, the State failed to meet its burden of proving that "the breath test was administered within a reasonable time after Blackman last drove his motorcycle on a public road or highway," *id.* at 299, 572 N.W.2d at 104, and therefore, that the Intoxilyzer result should have been excluded from evidence. In addition, the majority held that Neumiller's testimony was insufficient to sustain the conviction because the State failed "to prove that Blackman's last act of driving occurred within a time period such that the intoxicated condition, in which he was found at the scene, had been continuous since his last act of driving." *Id.* at 300, 572 N.W.2d at 105. The Court of Appeals, therefore, reversed the decision of the district court and remanded the cause with directions to dismiss. The dissenting judge concluded that there was circumstantial evidence sufficient to affirm Blackman's conviction. We granted the State's petition for further review.

## ASSIGNMENTS OF ERROR

Restated, Blackman contends in his assignments of error that (1) the Intoxilyzer test was not timely administered and, therefore, should not have been admitted into evidence; and (2) his conviction was contrary to the evidence.

## STANDARD OF REVIEW

In a bench trial of a criminal case, the trial court's findings have the effect of a jury verdict and will not be set aside unless clearly erroneous. *State v. Hansen*, 252 Neb. 489, 562 N.W.2d 840 (1997); *State v. Christner*, 251 Neb. 549, 557 N.W.2d 707 (1997); *State v. Emrich*, 251 Neb. 540, 557 N.W.2d 674 (1997).

A conviction in a bench trial of a criminal case is sustained if the evidence, viewed and construed most favorably to the State, is sufficient to support that conviction. *State v. Hansen, supra*; *State v. Christner, supra*; *State v. Emrich, supra*. In making this determination, an appellate court does not resolve conflicts in evidence, pass on credibility of witnesses, evaluate explanations, or reweigh evidence presented, which are within a fact finder's province for disposition. *State v. Hansen, supra*; *State v. Christner, supra*; *State v. Emrich, supra*.

## ANALYSIS

Blackman was convicted under § 60-6,196, which provides in pertinent part:

> (1) It shall be unlawful for any person to operate or be in the actual physical control of any motor vehicle:
>
> (a) While under the influence of alcoholic liquor or of any drug;
>
> (b) When such person has a concentration of ten-hundredths of one gram or more by weight of alcohol per one hundred milliliters of his or her blood; or
>
> (c) When such person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his or her breath.

A violation of § 60-6,196 is one offense, but it can be proved in more than one way, i.e., excessive blood alcohol content shown through a chemical test or by evidence of physical impairment plus other well-known indicia of intoxication. See, *State v. Hingst*, 251 Neb. 535, 557 N.W.2d 681 (1997); *State v. Dake*, 247 Neb. 579, 529 N.W.2d 46 (1995).

From Neumiller's testimony regarding Blackman's statements, it is reasonable to infer that Blackman was operating the motorcycle on the county road immediately before he lost control and went into the ditch and that he remained there until Neumiller arrived. We agree with the Court of Appeals that there is undisputed evidence that Blackman was under the influence of alcohol at the time Neumiller first encountered him. It is true that there is no direct evidence establishing the amount of time which elapsed between Blackman's last act of driving and Neumiller's arrival at the scene. However, we do not regard

such evidence as essential to a reasonable inference that Blackman operated his motorcycle on the county road in violation of § 60-6,196, in light of the totality of the circumstantial evidence in the record.

Circumstantial evidence is evidence which, without going directly to prove the existence of a fact, gives rise to a logical inference that such fact exists. *State v. Mowry*, 245 Neb. 213, 512 N.W.2d 140 (1994); *State v. Thompson*, 244 Neb. 375, 507 N.W.2d 253 (1993). In finding a defendant guilty beyond a reasonable doubt, a finder of fact may rely upon circumstantial evidence and the inferences that may be drawn therefrom. *State v. Kula*, 252 Neb. 471, 562 N.W.2d 717 (1997). A fact proved by circumstantial evidence is nonetheless a proven fact. *State v. Johnson*, 250 Neb. 933, 554 N.W.2d 126 (1996); *State v. Pierce*, 248 Neb. 536, 537 N.W.2d 323 (1995).

In its opinion, the Court of Appeals cites decisions by other state courts holding that a motorist's perceived state of intoxication at the scene of a motor vehicle accident is not probative of intoxication during the operation of the vehicle immediately prior to the accident. *State v. Blackman*, 6 Neb. App. 294, 572 N.W.2d 101 (1997) (citing *Coleman v. State*, 704 S.W.2d 511 (Tex. App. 1986); *Brown v. State*, 584 P.2d 231 (Okla. Crim. App. 1978); *State v. Clark*, 130 Vt. 500, 296 A.2d 475 (1972)). However, our prior decisions establish that circumstantial evidence may be sufficient to sustain a DUI conviction, even when it cannot be determined precisely when the defendant last operated a motor vehicle prior to being discovered in the vehicle in a state of obvious intoxication. In *State v. Eckert*, 186 Neb. 134, 181 N.W.2d 264 (1970), the defendant's vehicle was found parked in the right lane of a highway in a rural area with its engine turned off and the defendant slumped over the steering wheel in a drunken stupor. No other persons were found in the vicinity, and no liquor or liquor containers were found in the vehicle. When aroused by law enforcement officers, the defendant had no recollection of the events immediately preceding his arrest. We held that while circumstantial, this evidence was sufficient "to sustain the finding that defendant operated his motor vehicle on a public highway while under the influence of intoxicating liquor." *Id.* at 139, 181 N.W.2d at 268.

Similarly, we held that circumstantial evidence was sufficient to sustain a DUI conviction in *State v. Miller*, 226 Neb. 576, 412 N.W.2d 849 (1987), despite the fact that no witness observed the defendant operating a motor vehicle on a public highway prior to a collision. The driver of the other vehicle testified that as she reached the crest of a hill on a rural road, she observed a truck stopped sideways on the road, blocking her lane of traffic, and that she was unable to stop before colliding with it. After the impact, the defendant climbed out of the truck and appeared to have a " 'glassy look' " in his eyes. *Id.* at 577, 412 N.W.2d at 850. The defendant told the responding law enforcement officers that he had been a passenger in the truck and that the driver had fled the scene immediately after the accident. No other persons were found in the area, and the defendant had no clear recollection of the events immediately preceding the collision. A blood test subsequently administered to the defendant disclosed a blood alcohol content of .236 percent, and following trial, he was convicted of DUI. On appeal, the defendant contended that the trial court erred in finding that he had been in actual physical control of the vehicle pursuant to the DUI statute then in effect. We affirmed the conviction, determining that while the evidence was largely circumstantial, it was sufficient to establish guilt beyond a reasonable doubt.

Our decision in *State v. Baker*, 224 Neb. 130, 395 N.W.2d 766 (1986), is also pertinent. A deputy sheriff observed a vehicle parked in the turning lane of a city street in the early morning hours. When she approached, the deputy observed the defendant sitting alone in the vehicle, asleep and leaning against the open window. She also detected a strong odor of alcohol inside the vehicle. When awakened, the defendant had difficulty producing his license and registration. His breath smelled of alcohol, his eyes were bloodshot, his speech was slurred, and he performed field sobriety tests unsatisfactorily. He was subsequently tried and convicted of DUI and of refusing to take a breath test for alcoholic content in violation of the implied consent statute. The defendant's trial testimony established the time sequence in which he consumed alcohol and operated his vehicle prior to his arrest, and we considered this evidence in affirming the DUI conviction. However, in rejecting

the defendant's argument that his conviction for refusing to submit to a test was not supported by the evidence because the arresting officer lacked reasonable grounds to believe that he had been operating his vehicle while under the influence at the time she requested that he submit to testing, we stated that while the deputy did not observe the defendant driving, "she observed the defendant under circumstances from which the trier of fact could find beyond a reasonable doubt that the defendant had driven while under the influence of alcoholic liquor," *id.* at 135, 395 N.W.2d at 770, and therefore, that the deputy had reasonable grounds to ask the defendant to submit to the breath test.

The evidence in this case establishes that Neumiller arrived at the scene 15 to 20 minutes after receiving a report that a motorcycle had been observed in the ditch by a passing motorist. Neumiller initially observed Blackman lying in the ditch next to his motorcycle, and Blackman admitted to Neumiller that he had been operating the motorcycle on the county road immediately before he lost control and landed in the ditch. Neumiller observed symptoms of intoxication almost immediately upon encountering Blackman. There is no evidence in the record of other persons, liquor, or liquor containers in the area where Blackman was found by the officer, nor is there any other evidence which would support an inference that Blackman had the means or opportunity of ingesting alcohol from the time he lost control of the motorcycle until the officer found him lying beside it in the ditch. Blackman argues that the State did not offer evidence to exclude this possibility, but we do not regard the State's burden of proving guilt beyond a reasonable doubt as requiring it to disprove every theoretical hypothesis other than guilt. In this case, it can reasonably be inferred that the deputy found Blackman where he had come to rest after losing control of his motorcycle and that Blackman's state of intoxication at that time existed when he last operated the motorcycle on the county road. Under these circumstances, the breath test results were properly admitted, with any question of delay between driving and testing going to the weight of the evidence rather than to its admissibility. See *State v. Kubik*, 235 Neb. 612, 456 N.W.2d 487 (1990). Thus, viewing the evidence

and all reasonable inferences therefrom in the light most favorable to the State, we determine that the evidence was sufficient to establish that Blackman was operating a motor vehicle while in violation of § 60-6,196, and that the district court did not err in affirming Blackman's conviction. We therefore reverse the decision of the Court of Appeals and remand the cause with directions to affirm the judgment of the district court.

REVERSED AND REMANDED WITH DIRECTIONS.