IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0512-09






JULIAN KUCIEMBA, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


WASHINGTON COUNTY





 Keller, P.J., delivered the opinion of the Court in which Price,
Womack, Johnson, Keasler, Hervey, Holcomb, and Cochran, JJ., joined. 
Meyers, J., filed a dissenting opinion.



 Appellant was found behind the steering wheel, injured and intoxicated, at the scene of a one-car rollover accident, with a blood-alcohol level of more than twice the legal limit. The court of
appeals found the evidence to be insufficient to show that appellant was intoxicated at the time that
the accident occurred. We disagree and reverse the judgment of the court of appeals.

I. BACKGROUND


A. The Incident


 Sheriff's Deputy Jonathan Prior received a dispatch for a one-vehicle, rollover accident, with
injuries. He arrived to find a pickup truck in a ditch. The truck was upright on its wheels, but the
roof was partially crushed, indicating that the vehicle had completely rolled over. Appellant was
behind the steering wheel. Upon arriving, Deputy Prior saw appellant slide across the center console
and exit on the passenger side. Appellant had small cuts on his forehead, and blood was running
down his face. Deputy Prior smelled a strong odor of alcohol on appellant's breath and noticed that
appellant had to steady himself on his vehicle. Appellant's eyes were glassy and bloodshot, he had
difficulty standing, and his speech was slurred. Appellant said that he had fallen asleep. 

 Approximately three minutes later, EMS arrived, and appellant was loaded into an
ambulance. David Zeiders, one of the paramedics, smelled alcohol, but was not sure whether the
odor was coming from appellant's breath or his person. Zeiders noticed cuts on appellant's face and
hands and a red strap mark across appellant's chest where his seat belt would have been. Appellant
said that he did not lose consciousness, but he also did not remember the accident. Zeiders drew
blood from appellant before the ambulance left the scene. 

 No alcoholic beverages or containers were found in the pickup truck or at the scene. No skid
marks were found on the roadway--indicating that appellant did not brake before the rollover
occurred. The blood that was drawn at the scene was later tested at the hospital, revealing a blood
alcohol level of .214.

B. Appeal


 The court of appeals found the evidence to be legally insufficient to show that appellant was
intoxicated at the time he was driving. (1) The court identified the critical inquiry as whether there was
a temporal link between appellant's driving and the intoxication. (2) It relied upon opinions from the
Court of Appeals for the First District for the proposition that, absent evidence in the record
establishing the time of the accident or of a defendant's conduct in driving in a public place,
evidence is insufficient to show that a defendant drove while he was intoxicated. (3) The court
observed that, in this case, the State presented neither witnesses to "testify regarding appellant's
driving before the accident occurred" nor evidence to "establish how soon after the accident Deputy
Prior arrived at the scene." (4) It therefore held that there was neither direct nor circumstantial evidence
to establish the necessary temporal link. (5) The court held that the evidence given at trial supported
"a finding that appellant was intoxicated at the accident scene" but was "insufficient to show that
appellant was intoxicated while driving." (6)

II. ANALYSIS


 As the court of appeals correctly noted, in order for the evidence to be sufficient to support
a conviction for driving while intoxicated, there must be a temporal link between the a defendant's
intoxication and his driving. But a conviction can be supported solely by circumstantial evidence. (7) 
"Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor" and
"the standard of review on appeal is the same for both direct and circumstantial evidence cases." (8) 
 Being intoxicated at the scene of a traffic accident in which the actor was a driver is some
circumstantial evidence that the actor's intoxication caused the accident, and the inference of
causation is even stronger when the accident is a one-car collision with an inanimate object. We find
instructive a case from the Supreme Court of Nebraska with similar facts:

It is true that there is no direct evidence establishing the amount of time which
elapsed between [the defendant] Blackman's last act of driving and [the deputy]
Neumiller's arrival at the scene. However, we do not regard such evidence as
essential to a reasonable inference that Blackman operated his motorcycle on the
county road in violation of [the DUI statute], in light of the totality of the
circumstantial evidence in the record.

* * *



The evidence in this case establishes that Neumiller arrived at the scene 15 to 20
minutes after receiving a report that a motorcycle had been observed in the ditch by
a passing motorist. Neumiller initially observed Blackman lying in the ditch next to
his motorcycle, and Blackman admitted to Neumiller that he had been operating the
motorcycle on the county road immediately before he lost control and landed in the
ditch. Neumiller observed symptoms of intoxication almost immediately upon
encountering Blackman. There is no evidence in the record of other persons, liquor,
or liquor containers in the area where Blackman was found by the officer, nor is there
any other evidence which would support an inference that Blackman had the means
or opportunity of ingesting alcohol from the time he lost control of the motorcycle
until the officer found him lying beside it in the ditch. Blackman argues that the State
did not offer evidence to exclude this possibility, but we do not regard the State's
burden of proving guilt beyond a reasonable doubt as requiring it to disprove every
theoretical hypothesis other than guilt. In this case, it can reasonably be inferred that
the deputy found Blackman where he had come to rest after losing control of his
motorcycle and that Blackman's state of intoxication at that time existed when he last
operated the motorcycle on the county road. (9) 


 Moreover, a driver's failure to brake also provides some evidence that the accident was
caused by intoxication. (10) Further, appellant's presence behind the steering wheel and the fact that
he was still bleeding support an inference that the accident had occurred a short time previously. 
Finally, the high-blood alcohol level--more than twice the legal limit--found in a sample taken at
the scene, supports an inference either that appellant was recently involved in the accident or that
he had been intoxicated for quite a while. The combination of these facts is sufficient to support
appellant's conviction for driving while intoxicated. 

 We reverse the judgment of the court of appeals and remand the case to that court to address
appellant's remaining issue.

Delivered: May 26, 2010

Publish
1. Kuciemba v. State, No. 14-08-00050-CR, slip op. at 5, 2009 Tex. App. LEXIS 1728, at 7-9
(Tex. App.-Houston [14th Dist.] March 10, 2009)(not designated for publication).
2. Id., 2009 Tex. App. LEXIS 1728, at 7.
3. Id., 2009 Tex. App. LEXIS 1728, at 7 (citing Stoutner v. State, 36 S.W.3d 716 (Tex.
App.- Houston [1st Dist.] 2001, pet. ref'd.); Weaver v. State, 721 S.W.2d 495 (Tex. App. -
Houston [1st Dist.] 1986, pet. ref'd)).
4. Id., 2009 Tex. App. LEXIS 1728, at 7-8.
5. Id., 2009 Tex. App. LEXIS 1728, at 7.
6. Id., 2009 Tex. App. LEXIS 1728, at 8-9.
7. Guevara v. State, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004).
8. Id.
9. State v. Blackman, 254 Neb. 941, 946, 949, 580 N.W.2d 546, 550, 551 (1998)(bracketed
material substituted for original or added, ellipsis inserted).
10. Kirsh v. State, 306 S.W.3d 738, 746, 746 n.26 (Tex. Crim. App. 2010) (citing Sierra v.
State, 280 S.W.3d 250, 256 (Tex. Crim. App. 2009)).