Affirmed and Majority and Concurring
Opinions on Remand filed June 21, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-08-00430-CR



Vincent
Brassard Scillitani, Appellant 

v.

The State of
Texas, Appellee 



On appeal from
the County Court at Law No. 2

Fort Bend County, Texas

Trial Court
Cause No. 125238



 

CONCURRING OPINION ON
REMAND

            I join the majority in its analysis and
disposition of appellant’s challenge to the trial court’s denial of his motion
to suppress evidence of his breath-test results.  I nevertheless concur with
the majority’s judgment because I respectfully disagree with its conclusion
that the Court of Criminal Appeals, through its decision in Kuciemba  v.
State, 310 S.W.3d 460 (Tex. Crim. App. 2010), impliedly overruled Johnson
v. State, 517 S.W.2d 536 (Tex. Crim. App. 1975).  

            Kuciemba and State v. Blackman,
580 N.W.2d 546 (Neb. 1998), on which the Court of Criminal Appeals relied, differ
significantly from Johnson both in the admissions of the defendant
drivers and the descriptions of the accidents.        In Johnson, the
defendant driver’s only admission was “I was driving.”  517 S.W.2d at 537.  The
police officer described the two-lane road, the ditch on the side of the road,
the vehicle’s position in the ditch, and the vehicle’s westward direction of
travel.  There was no testimony as to how the vehicle came to be in the ditch
or even whether the vehicle was damaged.[1]  Id. at 537–38.  The
court concluded, 

In this case there is no evidence that the ditch where the
pickup was standing was in the street right-of-way.  There is no evidence that
the tracks made by the pickup truck came from the direction of the street . . .
or that a trail or water leaking from the radiator came from the direction of
the street . . . .  Also, there is no evidence showing when
the appellant drove the pickup truck.  There was no evidence of how recently
the truck had been driven such as evidence that the engine was still hot . . . .
 There is no proof that the appellant drove at the time he was intoxicated.

Id. at 538 (citations omitted).

            In Kuciemba, the defendant driver
stated that he had fallen asleep.  He also stated that he did not lose
consciousness but also did not remember the accident.  310 S.W.3d at 461.  The
police officer testified that he arrived to find a pickup truck in a ditch.  The
truck was upright on its wheels but the roof was partially crushed, indicating
that the vehicle had completely rolled over.  The defendant was in the truck
and he was bleeding.  Id.  The court concluded, “Being intoxicated at
the scene of a traffic accident in which the actor was a driver is some circumstantial
evidence that the actor’s intoxication caused the accident, and the inference
of causation is even stronger when the accident is a one-car collision with an
inanimate object.”  Id. at 462.

            In Blackman, the defendant driver
admitted that he had been operating his motorcycle on a county road immediately
before he lost control and landed in the ditch.  580 N.W.2d at 548.  The police
officer testified that he was notified that a motorcycle was in a ditch.  He
arrived at the scene 15 to 20 minutes later and found the defendant lying unmoving
in the ditch.  Id.  The court concluded, “It can reasonably be inferred
that the deputy found [the defendant] where he had come to rest after losing
control of his motorcycle and that [the defendant’s] state of intoxication
existed when he last operated the motorcycle on the county road.”  Id.
at 551.

            In Kuciemba, the defendant made
contradictory admissions as to how the accident happened.  In Blackman,
the defendant admitted that he lost control of his vehicle.  But in Johnson,
there was no admission as to loss of control, nor any description of how or why
the truck ended up in the ditch. 

            In the case before us, appellant admitted
that he did not know how he lost control of his vehicle and ended up in a
ditch.  The police officer testified that based upon his investigation of the
accident, appellant drove off the side of the road and struck a fence pole
because he had been drinking and drove on wet roads at an unsafe speed.  

            The facts of this case are similar to
both Kuciemba and Blackman and different from Johnson.  We
can affirm this conviction without holding that Kuciemba has impliedly
overruled Johnson.  Because the majority does so, I can only concur in
the judgment.

 

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

Panel consists of Chief Justice Hedges and Justices Frost and
Christopher. (Frost, J., Majority).

 

Publish — Tex. R. App.
P. 47.2(b).









[1]
In fact, it appears that court was skeptical that an accident had happened.  The
court used quotation marks in the following sentence:  “The officer said he
could not testify at what time the ‘accident’ occurred.”  Id. at 538.  Certainly
the driver did not admit that he was driving “when the accident occurred” as
stated in the majority opinion.  See ante, at 5.